# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

information associated with certain cellular telephones ) 
assigned call numbers (414) 888-1016, (414) 888-3938, and ) Case No. 19-MJ-1364
and (414) 732-4951, that is stored at premises controlled by )
Sprint, a wireless telephone service provider headquartered at )
6200 Sprint Parkway in Overland Park, Kansas. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A1. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A).

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
■ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
■ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Section 3148.

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brian Nodes, Deputy Marshal, U.S. Marshals Service
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: 12/6/19

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin — Honorable William E. Duffin, U.S. Magistrate Judge
*Printed Name and Title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Brian Nodes, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain cellular telephones assigned call numbers (414) 888-1016, (414) 888-3938, and (414) 732-4951, that is stored at premises controlled by Sprint, a wireless telephone service provider headquartered at 6200 Sprint Parkway in Overland Park, Kansas. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Sprint to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am employed as a Deputy with the United States Marshals Service and have held that position for approximately 10 years. As part of my duties, I conduct investigations to locate federal and state fugitives.

3. In December 2008, I completed a 12-week training course at the Federal Law Enforcement Training Center located in Glynco, Georgia. In March 2009, I also completed the Basic Deputy Course, a six-week course at the U.S. Marshals Service Training Academy located in Glynco, Georgia. I have had both formal training and have participated in several investigations that utilize various electronic surveillance techniques. These techniques have proven to be useful in locating individuals who are actively avoiding arrest.

4. I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts as set forth in this affidavit, there is probable cause to believe that the information described in Attachment A contains evidence of violations of Title 18, United States Code, Section 3148, and the whereabouts of Julion S. Griffin, also known as Jewel D. Griffin, a person to be arrested, as described in Attachment B.

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated pursuant to 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

8. I am involved in a criminal investigation of a violation of the conditions of supervised release, in violation of Title 18, United States Code, Section 3148. On or about July 9, 2019, an indictment was filed against Julion S. Griffin, also known as Jewel D. Griffin—the subscriber of the Target Account—in Case No. 19-CR-124. In that indictment, the Grand Jury charged the defendant with violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2

9. The defendant was arrested on an arrest warrant and arraigned on July 29, 2019. The defendant was temporarily detained. On July 31, 2019, the Court released the defendant with conditions pending trial, over the objection of the United States. Those conditions required the defendant to appear in court as required, advise the court or pretrial services office or supervising officer in writing before making any change of residence or telephone number, submit to supervision by and report for supervision to the pretrial services office as directed, and submit to location monitoring as directed by the pretrial services office or supervising officer. In that order, the defendant was advised of the penalties for violating the conditions of release and signed an acknowledgment to that effect on July 30, 2019.

10. On October 10, 2019, the defendant advised the pretrial service officer of a residence change, but never provided an address. Later that day, the pretrial service officer received an alert that the defendant had cut off his location monitoring device. In response, the pretrial services officer attempted to contact the defendant multiple times with no response.

11. The United States District Court for the Eastern District of Wisconsin issued an arrest warrant for the defendant as a result of a violation of his release conditions on October 11, 2019.

12. The United States Marshals Service has been enlisted to locate and apprehend the defendant. As of today, the defendant's whereabouts remain unknown, and the arrest warrant remains unexecuted.

13. I received information from the pretrial service office that Julion S. Griffin (DOB: 12/29/1990) uses an alias of Jewel D. Griffin, as reflected in the indictment. The U.S. Marshals Service conducted a reference check on the defendant, which included comparing Julion Griffin's booking photograph to the Wisconsin Department of Transportation's driver's license photograph of Jewel D. Griffin.

14. I have conducted surveillance of locations associated with the defendant. On December 5, 2019, the U.S. Marshals Great Lakes Regional Fugitive Task Force in Milwaukee conducted a surveillance operation for the defendant. During the investigation, I learned that the defendant had a relationship with Kayla Smith (DOB: 09/04/1995) and identified a black 2009 Audi A6 bearing Wisconsin license plate AHE-7095 that was registered to her at 5270 North 91st Street, Unit 7 in Milwaukee, Wisconsin.

15. On December 5, 2019, U.S. Marshals located that vehicle parked in a driveway in the vicinity of 101-107 West Meinecke Avenue in Milwaukee. Investigators later observed Griffin approaching the vehicle, open the driver's side door, and then reverse the vehicle into the street. Investigators approached the defendant, activated emergency lights and sirens, and attempted to conduct a positive vehicle containment, a law enforcement technique to stop and contain a vehicle in an effort to avoid a vehicle pursuit.

16. Investigators made vehicle contact with the passenger door side of Griffin's vehicle, while two other law enforcement vehicles approached from the driver's side. Upon observing the law enforcement vehicles, the defendant placed his vehicle into drive and drove forward, breaking containment from law enforcement. The defendant then fled at a high rate of speed westbound on Meinecke Avenue. Investigators continued to follow the defendant with emergency lights and sirens activated. The defendant did not stop, but instead led investigators on a high-speed pursuit. Investigators continued for approximately 0.8 miles before terminating the pursuit. During that pursuit, the defendant disregarded four stop signs and reached speeds between 80 and 100 miles per hour.

**TARGET PHONE NUMBERS**

17. On November 6, 2019, I received information from U.S. Probation Officer Tremayne White. Officer White provided information to U.S. Marshals that he obtained from Griffin, while he

4

was on supervision. Officer White provided the most recent cellular number on file for the defendant as (414) 888-1016. This is the number that the U.S. Probation Office used to contact Griffin.

18. On December 6, 2019, I spoke with Kayla Smith, the defendant's girlfriend. Ms. Smith provided me with two phone numbers, which she uses to contact the defendant—(414) 888-3938 and (414) 732-4951. Ms. Smith indicated that she communicates regularly with the defendant on those phone numbers. Ms. Smith indicated that she last spoke with the defendant at those numbers on December 6, 2019.

19. On December 5 and 6, 2019, the target phone numbers were run through Zetx and the cellular provider was confirmed as Sprint.

20. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone, but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

21. Based on my training and experience, I know that Sprint can collect cell-site data about the cellular telephones using its network. I also know that wireless providers such as Sprint typically collect and retain cell-site and other cellular network data pertaining to cellular phones to which they

5
Case 2:19-mj-01364-WED   Filed 12/27/19   Page 6 of 12   Document 1

provide service in their normal course of business in order to use this information for various business-related purposes. From this data, wireless providers such as Sprint also estimate the historical locations of cellular telephones using their networks. These estimates are drawn from data collected in the normal course of business, including cell-site and other cellular network data.

22. Based on my training and experience, I know that wireless providers such as Sprint typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the methods of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Sprint typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business.

23. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the user or users of the cellular telephones assigned call numbers (414) 888-1016, (414) 888-3938, and (414) 732-4951 and may assist in the identification of Griffin's whereabouts.

24. Based on my training and experience in locating and apprehending potentially violent fugitives, the requested information will assist in locating the defendant. This information will provide information about his associates and his historical location.

25. A frequency analysis of the historical cell site location information and historical precision location information associated with Griffin's cell phone numbers can also establish a pattern of habits, travel, and locations.

6

## AUTHORIZATION REQUEST

26. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

27. I further request that the Court direct Sprint to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Sprint, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to the following:

a. Records and information associated with certain cellular telephones assigned call numbers (414) 888-1016, (414) 888-3938, and (414) 732-4951, that is stored at premises controlled by Sprint, a wireless telephone service provider headquartered at 6200 Sprint Parkway in Overland Park, Kansas.

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account(s) listed in Attachment A for the time period from October 1, 2019 through December 6, 2019:

a. The following information about the customers or subscribers of the Account(s):

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Dates of birth;

   iv. Alternate phone numbers;

   v. Other phone numbers on the same Account(s);

   vi. Local and long distance telephone connection records;

   vii. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   viii. Length of service (including start date) and types of service utilized;

   ix. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number

("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  x. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  xi. Means and source of payment for such service (including any credit card or bank account number) and billing records.

 b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account(s), including:

  i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

  ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, including the locations of any cell tower and antenna face; and

  iii. historical location records (including historical locational precision information, historical handset location data, estimated location records, geolocation information (PING), Network Event Location System (NELOS) data, Global Positioning System (GPS) data, cell tower triangulation or trilateration, round-trip time (RTT), per-call measurement data (PCMD), historical E911 data, or precision measurement information).

 c. A list of definitions or keys identifying all information contained in the records.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of a violation of Title 18, United States Code, Section 3148 or about the whereabouts of Julion S. Griffin, also known as Jewel D. Griffin, a person to be arrested, during the period from October 1, 2019 through December 6, 2019.